IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIAN WARREN | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WDQ-06-1833 |
| MARY ANN SAAR and FRANK C. SIZER, JR. | : | |
| | : | |
| Defendants | | |

o0o
## MEMORANDUM

The above-captioned civil rights action was filed on July 19, 2006, together with a Motion for Leave to Proceed in Forma Pauperis. Paper No. 2. Because he appears to be indigent, Plaintiff's motion shall be granted.

Plaintiff, who is incarcerated at Jessup Pre-Release Unit, alleges that all of his property was lost in a fire at the Metropolitan Transition Center. Paper No. 1 at p. 4. He seeks monetary damages for his lost property.

This Court is required by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any claim that is constitutionally frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a particular claim is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). Application of this standard to the instant complaint requires dismissal of the property claim.

Plaintiff's property claim does not state a federal cause of action or a constitutional claim. In cases regarding property loss, all the Due Process Clause requires is the availability of

an adequate post-deprivation remedy.  *See Parratt v. Taylor*, 451 U.S. 527, 542-44 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1]  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2]  Thus, the claim presented here shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under Fed .R.Civ. P. 12(b)(6).[3]

---

[1] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

[3] *See Departments of Commerce, Justice and State, the Judiciary and Related Agencies Appropriations Act of 1996,* § 804(d), which amends 28 U.S.C. § 1915 to include subsection (g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision of the Act (the relevant portions of which are also known as the "Prison Litigation Reform Act" or "PLRA"), once three such dismissals under § 1915(e)(2) or Rule 12(b) (6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.

A separate Order follows.

July 27, 2006                              /s/
Date                          William D. Quarles, Jr.
                              United States District Judge